# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| J.J. PAGER, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 07-3435-CV-W-FJG |
| v. ) | |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss Counts III and IV (Doc. # 9).

### I. BACKGROUND

Plaintiff bought an insurance policy from Nationwide Mutual Insurance Company on July 9, 2006. The policy was issued for an 80-year-old building in Springfield, Missouri.

On or about January 1, 2007, the building sustained wind, rain, snow and ice damage. Plaintiff paid premiums on the insurance policy between July 9, 2006, and the date of damage. Plaintiff made a claim for benefits under the insurance policy. Nationwide made a single payment on February 5, 2007, on the policy, but has refused to pay the total benefit amount under the policy to plaintiff.

Plaintiff states that Nationwide represented that the policy covered the building in question at the time of issuing the policy. Plaintiff argues that based

on this representation, it believed the building was covered at the time of the building damage.

In its four-count Complaint, plaintiff alleges the following: Count I (Full Benefits Under the Policy Plus Interest); Count II (Vexatious Penalties Under § 375.420 RSMo); Count III (Fraudulent Misrepresentation); and Count IV (Mutual Mistake – Leave to Reform the Contract).

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); United States v. Aceto Agric. Chems. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859, 118 S. Ct. 160, 139 L. Ed. 2d 105 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (internal quotations, ellipses and citations omitted).

## III. DISCUSSION

Defendant argues that plaintiff has failed to state a claim in both Count III and Count IV. Nationwide argues that plaintiff cannot rely on its fraudulent misrepresentation or mutual mistake claims because it has failed to state the claims with particularity, as required by Fed.R.Civ.P. 9(b). Nationwide argues that plaintiff's conclusory allegations are insufficient to state a claim for fraud. In Reding v. Goldman Sachs & Co., 382 F.Supp.2d 1112 (E.D.Mo. 2005), the court stated:

> To meet the requirements of Rule 9(b), a pleading must include such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. . . . Compliance with the particularity requirements of Rule 9 requires plaintiffs to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. . . . [C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.

*Id.* at 1118 (internal citations and quotations omitted).

In its complaint, plaintiff alleges only that Nationwide made a representation that the policy covered the building at the time the policy was issued.

> At the time the policy was issued to Plaintiff, Defendant, through its authorized agents represented to Plaintiff that the policy provided coverage for the existing building. Defendant intended for Plaintiff to rely on such representation. Defendant now claims that there is no coverage because of the condition of the 80-year-old building at the time of the loss on or about January 1, 2007. Defendant either knew such representation was false at the time it was made or did not known whether the representation was true or false. The

3

> representation was material to the purchase of the policy by Plaintiff as the building being insured constituted an 80-year-old building. Plaintiff relied on the representation in purchasing the policy and Plaintiff used that degree of care that was reasonable in the Plaintiff's situation in relying on such representation.

(Plaintiff's Petition, Count III, ¶ 2-8). The complaint does not describe what representation was made, does not state who at Nationwide made this representation, nor does it specify when or where the representation was made. Plaintiff states only generally that the representation was false, and was made with knowledge that it was so. Plaintiff also alleges that it relied on this representation in purchasing the policy and that the representations were material to the purchase of the policy.

Defendant also argues that plaintiff has not pled its claim of mutual mistake with the particularity required by Fed.R.Civ.P. 9(b).

Plaintiff alleges in its complaint only that there was a mutual mistake by the parties, not how the mistake was made. Plaintiff's complaint also does not include when or by which individuals the mistake was made. "As a result of a mutual mistake by the parties, the policy included an exclusion under 'Causes of Loss – Special Form' CP 10 30 (04-02) in paragraphs B(2)(d)(1), (2), (4) and (5) on page 3 and B(3)(c)(2), (3) and (4) on page 4." (Plaintiff's Petition, Count IV, ¶ 5).

The Court finds these allegations too general to state a claim for fraud or mutual mistake. Accordingly, the Court hereby **GRANTS** the defendant's Motion to Dismiss Count III – Fraudulent Misrepresentation and Count IV – Mutual Mistake.

4

## III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendant's Motion to Dismiss Counts III and IV (Doc. # 9). The Court hereby **DISMISSES** Counts III and IV of plaintiff's Complaint.


Date:  2/28/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge